UNITED STATES of America,
Appellee,

v.

Ibrahim QUNBAR, Salah Nabhan,
Defendants–Appellants.

Nos. 07–3516–cr (L), 07–3537–cr
(CON), 08–2506–cr (CON),
08–2802–cr (CON).

United States Court of Appeals,
Second Circuit.

July 1, 2009.

Barry S. Turner, New York, NY, for Salah Nabhan, Patricia A. Pileggi, Schiff Hardin LLP, New York, NY, for Ibrahim Qunbar.

David Bitkower, Assistant United States Attorney (Peter A. Norling, Assistant United States Attorney, Benton J. Campbell, United States Attorney for the Eastern District of New York, of counsel), Brooklyn, NY, for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

The defendants appeal from judgments of the United States District Court for the Eastern District of New York. Following a jury trial, the defendants were convicted of tax evasion, tax perjury, failure to timely file returns, and conspiracy to commit tax fraud, in connection with their scheme to under-report income to their S corporation. They were also convicted of mail fraud and conspiracy to possess stolen property, and Defendant Nabhan was convicted of bank fraud. We assume the parties' familiarity with the facts of this case, its procedural posture, and the issues presented for review.

We turn first to the sufficiency of the prosecution's evidence at trial. Qunbar challenges his conviction of the tax crimes on the ground that the government's case lacked proof of substantial unreported taxable income. Both defendants argue that the evidence was insufficient to convict them of mail fraud conspiracy, a charge relating to Palco's scheme "to purchase damaged and outdated infant formula at a discount from independent vendors, and subsequently to seek refunds for the same infant formula from [its manufacturers]." And Nabhan argues there was insufficient evidence that he committed bank fraud.

We review questions of sufficiency *de novo*. *See United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir.2004). "[V]iew[ing] the evidence in the light most favorable to the government" and "drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility," we must sustain the guilty verdict "so long as '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Parkes*, 497 F.3d 220, 225 (2d Cir.2007), *cert. denied*, —— U.S. ——, 128 S.Ct. 1320, 170 L.Ed.2d 133 (2008) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)) (emphasis in *Jackson*; other quotation marks omitted). Because the defendants failed to move for a judgment of acquittal in the district court, we review for plain error. *See United States v. Allen*, 127 F.3d 260, 264 (2d Cir.1997).

We think there sufficient evidence to support Qunbar's conviction on the tax

counts. Direct proof of a tax deficiency included: oral statements by Qunbar and Nabhan that Palco made $500,000 in annual profits; a statement by Qunbar that he "didn't put in all the profits in the tax return[s]"; printouts of a "Quickbooks" database containing Palco sales information, which Qunbar and Nabhan gave to Hirsch to demonstrate annual sales of $6 million to $7 million and profits of approximately $200,000; and an analysis of third-party records of Palco transactions with the company's largest customers, which analysis reflected higher sales than were reported by the defendants.

The government also introduced an electronic "Quickbooks" database reflecting income and expenses for Palco for the period January 18, 1999, through July 21, 2003 (the "2003 Database"). The government contended at trial—and Qunbar does not contest—that the database evidence "indicated that Palco was a profitable company with millions of dollars more in sales and [costs of goods sold] than were reported on its tax returns." Qunbar argues, for the first time on appeal, that this database was inadmissible hearsay. We disagree, because the database was properly received as a party or adopted admission pursuant to Fed.R.Evid. 801(d). Qunbar's arguments to the contrary go to the weight of the evidence, not its admissibility. And even if the evidence were inadmissible, it would still be factored into the sufficiency analysis. *See United States v. Hardwick*, 523 F.3d 94, 101 (2d Cir.2008). The direct evidence therefore disposes of Qunbar's sufficiency challenge, and we therefore have no need to consider Qunbar's challenge to the government's indirect proof.

■ The mail fraud convictions were also proper. The defendants argue that the proof of the formula refund scheme was insufficient on the grounds that the evidence (1) showed that Palco complied with the manufacturers' return policy and (2) prejudiced the defendants by demonstrating two independent schemes. As to the first argument, viewing the evidence in the light most favorable to the government, the manufacturers' policy was to accept returns only for formula purchased directly from them. Palco violated that policy by purchasing expired formula, altering its packaging, and returning it to its manufacturer. The second argument was explicitly waived in the district court.

And there was no error in Nabhan's conviction on the bank fraud charge. He argues principally that the false W–2 he submitted in support of his loan application was not material. An HSBC representative testified otherwise, however, and the jury was entitled to rely on this testimony.

As for the defendants' remaining arguments:

■ First, Qunbar argues that the jury instructions on the tax counts were erroneous because they (1) failed to mention the government's proof requirements in an indirect proof case and (2) mistakenly instructed that the materiality of the defendants' misstatements was an issue for the court. He did not object to the instructions in the district court, however. Reviewing for plain error, we conclude there was none. Even if the instructions were erroneous, there was no prejudice, in light of the overwhelming direct evidence of a substantial tax liability.

Second, the defendants argue that the government violated its obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by (1) failing to notify the defendants that Qunbar's accountant, who had agreed to testify for the government, became a fugitive before trial, and (2) by failing to turn over the 2003 Database until well into trial.

With respect to the accountant's whereabouts, there was no suppression of that information, and therefore no *Brady* violation. *See Strickler v. Greene,* 527 U.S. 263, 280–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). When the defense indicated at a pretrial conference that it wanted to call the accountant as a witness, the government informed the court that he was "somewhere in Africa" and was indeed being sought by the government.

With respect to the 2003 Database, the government admits it should have turned over the information earlier, but asserts that it did not discover the material until four days into trial, even though the database had been in its possession for some time. We are unpersuaded by the government's argument that the 2003 Database, which reflected a substantially lesser understatement of income than the database on which the government had based its case prior to trial, had no effect whatever on the defense case. The defense attempted to undercut the Quickbooks evidence on the ground that it was merely inaccurate, and not intentionally so—a significantly smaller amount of unreported income could have aided that argument. In light of the government's substantial alternative direct evidence reflecting a tax deficiency, however, we think that the failure to disclose the database did not ultimately prejudice the defense. We therefore conclude there was no *Brady* violation. *See Strickler,* 527 U.S. at 280–82, 119 S.Ct. 1936.

Third, the defendants argue that the prosecution's rebuttal contained improper statements amounting to prosecutorial misconduct. We agree with the defendants, and the government concedes, that several of these statements were improper. *See United States v. LaMorte,* 950 F.2d 80, 82–84 (2d Cir.1991); *Gonzalez v. Sullivan,* 934 F.2d 419, 423–24 (2d Cir.1991). We

nonetheless conclude that these statements do not suffice to require a reversal, especially given that they were made in rebuttal after the defense impugned the government's integrity. *See United States v. Rivera,* 22 F.3d 430, 438 (2d Cir.1994).

We have considered the defendants' remaining arguments, and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.